[No. 7214.   Decided October 15, 1908.]

EDWARD R. SUTHERLAND, *Respondent*, v. W. H. PALLISTER, *Appellant*.[1]

BILLS AND NOTES—PAYMENT—EVIDENCE—SUFFICIENCY.   Where a note was given to a real estate agency for earnest money advanced on behalf of the maker, a prospective purchaser of real estate, who afterwards procured another to take the contract off his hands, and the deal was finally closed and the new purchaser returned to the agency the money for which the note was given, the note was thereby paid.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 23, 1907, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action upon a promissory note.   Reversed.

*Frank C. Park*, for appellant.

*Alexander & Bundy*, for respondent.

DUNBAR, J.—This action is brought upon a promissory note, given by the defendant to the Crane Realty Company, of Seattle, for the sum of $500, due forty days after date, viz., January 7, 1907.   The plaintiff is the assignee of said note.   The answer admitted the execution of the note, denied ownership in the plaintiff, and alleged that said note was transferred to plaintiff for the purpose of cheating and defrauding defendant; that said note was given as earnest money upon the purchase of certain real estate, for which the Crane Realty Company was the agent and of which, with defendant, it was purchaser; that thereafter such real estate was sold by said Crane Realty Company and the defendant, and that there then became due to the defendant the sum of $2,500, together with the promissory note sued upon; and that it was then and there agreed that such note should be

[1]Reported in 97 Pac. 745.

turned over and cancelled and that $2,500 in cash would be paid to defendant; alleges that plaintiff, knowing such facts, conspired with the Crane Realty Company to cheat and defraud defendant; and prayed for the delivery of and cancellation of said note and for costs. The reply denied the affirmative allegations of the answer. The cause was tried to the court, and judgment was rendered in favor of plaintiff for the price of the note, with accrued interest.

It appears from the undisputed testimony that the Crane Realty Company was offered a piece of real estate for $70,000; $2,000 as an option was to be paid in cash, and $18,000 in ten days, and it was to receive a commission of $2,000 for effecting the sale. It formed a syndicate to take the option on the property, and induced the defendant to take a one-fourth interest. The defendant not having the cash at hand, the realty·company advanced his share of the option money, viz., $500, and it was for this money that the note sued on was given. When the next payment came due, the defendant was not ready to furnish his share of the money, and in order, as he testifies, to prevent a loss of the bonus, he procured one Max Ragley to take his part of the contract off his hands. Ragley and his company eventually took up the whole option and bought the whole property, and no forfeiture was ever declared. While there is much conflict in the testimony, it appears plainly, from the testimony of the respondent and the officers of the Crane Realty Company, that the latter received from the new company the money which it had paid for appellant, the money for which the note was executed. Mr. Cutler, one of the officers of the company, after some evasion, finally testified in so many words that the company got back the $500 which it had advanced as earnest money for appellant. It seems to us that this is all there is to the case, and that the money for which the note was given having been returned to the realty company, it could not collect it a second time.

The judgment is reversed, with instructions to adjudge costs to appellant.

HADLEY, C. J., RUDKIN, CROW, and FULLERTON, JJ., concur.

MOUNT and ROOT, JJ., took no part.